IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM E. SMITH, on behalf of himself )
and all others similarly situated, )
) 2:07-cv-681
Plaintiff, )
v. )
)
LIFE INVESTORS INSURANCE )
COMPANY OF AMERICA, )
)
Defendant. )

## MEMORANDUM ORDER

Pending before the Court are PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Document No. 34) and DEFENDANT LIFE INVESTORS' MOTION TO STAY PROCEEDINGS PENDING ACTION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION (Document No. 36).

The key issue in the underlying case is the meaning of the term "actual charges" in the supplemental cancer insurance policy purchased by Plaintiff from Defendant Life Investors Insurance Company of America ("Life Investors"). Plaintiff contends that, at a minimum, the term is ambiguous and should be construed against the insurer. Defendant contends, in essence, that the term is unambiguous as a matter of law, that its interpretation is correct, and therefore, that all of Plaintiff's claims should be dismissed.

Motion for Stay

Defendant's motion to stay proceedings avers that the Judicial Panel on Multidistrict Litigation (MDL Panel) is likely to decide shortly after its July meeting whether to consolidate

seven (7) cases currently pending throughout the country which involve insurance policies with the "actual charges" language. Defendant has filed a motion to transfer this case pursuant to 28 U.S.C. § 1407. Defendant argues that the purposes of MDL, i.e., to eliminate duplication in discovery, avoid conflicting rulings, reduce litigation costs and save time and effort of all participants, would be served by granting a short stay pending the decision of the MDL Panel. Defendant's Reply Memorandum notes that similar motions have been granted in several of the other pending cases. Exhibit A. Plaintiffs contend that the stay is inconsistent with the case management order that Defendant previously agreed to in this case, and that the delay is prejudicial to Plaintiff, William Smith.[1]

In deciding whether to stay a case, the Court must weigh: (1) the length of the stay; (2) the balance of harm to the parties; and (3) whether a stay will simplify issues and promote judicial economy. *Smithkline Beecham Corp. v. Apotex Corp.*, 2004 WL 1615307, *7 (E.D.Pa. July 16, 2004) (*citing Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 737-38 (3d Cir.1983). As to the instant motion, the length of the stay is relatively short, is easily measurable and is directly tied to a tangible event. Due to the limited stay requested, there will not be a great disparity in the balance of harm to the parties. William Smith is continuing to receive chemotherapy treatments during the pendency of the dispute and payments therefore are being made and accepted by the provider. The third factor weighs heavily in favor of granting the stay. Indeed, a failure to grant a stay would contradict the principles underlying multi-district litigation.

---

[1]Smith is presently receiving chemotherapy. Plaintiff alleges that Life Investors is not paying the amounts reflected on the chemotherapy bills, but is paying only the lesser amounts that the provider is willing to accept as payment.

In accordance with the foregoing, DEFENDANT LIFE INVESTORS' MOTION TO STAY PROCEEDINGS PENDING ACTION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION (Document No. 36) is **GRANTED**. This proceeding is hereby **STAYED** pending the decision of the MDL Panel on the motion for transfer.

Motion to Amend Complaint

Plaintiff's motion for leave to amend the complaint seeks to expand the purported class to include individuals who purchased a policy containing the same language regarding "actual charges" from a corporate entity allegedly related to Defendant by the name of Bankers United Life Assurance Company ("Bankers"). Defendant contends that the motion for leave to amend should be denied as futile because Plaintiffs lack standing. The outcome of the motion could conceivably be affected by the decision of the MDL Panel. Accordingly, PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Document No. 34) is **DENIED WITHOUT PREJUDICE** at this time.

SO ORDERED this 29th day of May, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Ellen M. Doyle, Esquire
Email: edoyle@stemberfeinstein.com
Joel R. Hurt, Esquire
Email: jhurt@stemberfeinstein.com

Colin E. Wrabley, Esquire
Email: cwrabley@reedsmith.com
Perry A. Napolitano, Esquire
Email: pnapolitano@reedsmith.com
Markham R. Leventhal, Esquire
Email: ml@jordenusa.com
Julianna Thomas McCabe, Esquire
Email: jt@jordenusa.com