IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM E. SMITH, on behalf of himself and all others similarly situated, | )<br>)<br>)     2:07-cv-681 |
|                 Plaintiff, | ) |
| v. | )<br>) |
| LIFE INVESTORS INSURANCE COMPANY OF AMERICA, | )<br>)<br>) |
|                 Defendant. | ) |

## MEMORANDUM ORDER

Pending before the Court is PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Document No. 34). Defendant Life Investors Insurance Company of America ("Life Investors") filed a response in opposition (Document No. 38). On May 29, 2008, the Court denied the instant motion without prejudice pending decision by the Judicial Panel on Multidistrict Litigation ("MDL Panel") of Defendant's motion to transfer the case. The MDL Panel subsequently denied the motion for transfer and on August 19, 2008, the Court entertained oral argument on the pending motion.

The key issue in the underlying case is the meaning of the term "actual charges" in a supplemental cancer insurance policy. The named Plaintiffs purchased a policy issued by Life Investors. The Court has previously determined that the named Plaintiffs have standing to assert claims against Life Investors. In the proposed second amended complaint, Plaintiffs seek to expand the definition of the class to include all policies "administered" by Life Investors, which would encompass policies issued by a former but now merged subsidiary, Bankers United Life Assurance Company ("Bankers"). The Bankers cancer insurance policy allegedly contains

identical language regarding "actual charges." The named Plaintiffs did not purchase any insurance policy from Bankers.

Defendant argues that Plaintiffs lack standing to assert claims against Bankers, and thus, leave to amend the complaint should be denied as futile. Defendant, relying primarily on *Winer Family Trust v. Queen*, 503 F.3d 319 (3d Cir. 2007), argues that a class action plaintiff has the burden to establish the constitutional standing requirements for each claim asserted. In response, Plaintiffs cite numerous cases for the proposition that once a plaintiff has established standing as a threshold matter against the defendant, the issue of the scope of the class representation then becomes one of compliance with Fed. R. Civ. P. 23, rather than an issue of standing. *See, e.g., Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998); *In re Merck & Co. Securities Derivative & ERISA Litigation*, 2006 WL 2050577 (D.N.J. 2006); *Goodman v. Lukens Steel Co.*, 777 F.2d 119, 122 (3d Cir. 1985); *Osgood v. Harrah's Entertainment, Inc.*, 202 F.R.D. 115 (D.N.J. 2001).

The Court agrees with the analysis set forth in the cases cited by Plaintiffs. Once a plaintiff has alleged a distinct individual injury in relation to the defendant, the "standing" inquiry is satisfied and the Court must then focus on the class-action factors set forth in Rule 23. In *Fallick*, the Court of Appeals for the Sixth Circuit explained that an individual in one ERISA benefit plan "can represent a class of participants in numerous plans other than his own, if the gravamen of the plaintiff's challenge is to the general practices which affect all of the plans." 162 F.3d at 422 (citations omitted). The facts in this case appear to be analogous to *Fallick* in all relevant respects. Indeed, *Winer Family Trust*, the case relied upon by Defendant, cites *Fallick* with approval. The Court notes that Life Investors remains the sole Defendant in the proposed

2

second amended complaint attached to the motion.  At a minimum, Defendant has fallen short of its burden to demonstrate that the proposed amendment to the complaint would be futile.

In accordance with the foregoing, PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Document No. 34) is **GRANTED**.  Plaintiffs shall file their second amended complaint on or before August 27, 2008.  Defendant shall file its response within ten (10) days thereafter.

SO ORDERED this 20th  day of August, 2008.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc: Ellen M. Doyle, Esquire
Email: edoyle@stemberfeinstein.com
Joel R. Hurt, Esquire
Email: jhurt@stemberfeinstein.com

Colin E. Wrabley, Esquire
Email: cwrabley@reedsmith.com
Perry A. Napolitano, Esquire
Email: pnapolitano@reedsmith.com
Markham R. Leventhal, Esquire
Email: ml@jordenusa.com
Julianna Thomas McCabe, Esquire
Email: jt@jordenusa.com