# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCES J. SMITH, on behalf of herself and all others similarly situated, ) ) | |
| ) | 2:07-cv-681 |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| LIFE INVESTORS INSURANCE COMPANY OF AMERICA, ) ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Pending before the Court is LIFE INVESTORS' MOTION FOR PARTIAL RECONSIDERATION OF DISCOVERY ORDER AND REQUEST FOR ORAL ARGUMENT (Document No. 103). Memoranda in opposition to the motion have been filed by Plaintiff, Highmark, Inc. and Excela Health Frick Hospital ("Frick") (Document Nos. 107, 108, 109) (collectively "Respondents"). As an initial matter, the motion has been thoroughly briefed and the Court concludes that oral argument is not necessary.

In a Memorandum Order dated December 11, 2008, the Court denied both parties' efforts to expand the scope of this litigation and ruled on numerous outstanding discovery motions. Defendant Life Investors now seeks reconsideration of only one narrow aspect of that Memorandum Order. Specifically, Defendant requests that the Court allow discovery of the medical provider agreements which govern the expenses and charges incurred for Mr. Smith's medical care at issue in this action.

Life Investors notes that these agreements were expressly referenced in the Second

Amended Complaint and argues that they are directly relevant to several of its defenses.[1] Life Investors points out that the discovery it seeks is extremely limited and would not complicate or expand the case. Concerns regarding the confidential and proprietary nature of the agreements could be adequately managed pursuant to the amended protective order and by stipulation of counsel. *See* Motion at 12 n. 11.

Respondents argue that Life Investors cannot demonstrate the "manifest injustice" necessary to justify reconsideration of the December 11, 2008 Order. It is undisputed that healthcare providers sometimes accept an amount as payment that is less than the amount reflected on statements to patients. However, Respondents contend that such provider-insurer arrangements are wholly irrelevant to this lawsuit. Thus, they maintain that the Court correctly concluded that "the billing and payment practices of other entities are not dispositive of the contractual agreement between policyholders such as the Smiths and their insurer, Life Investors, as to the meaning of the term 'actual charges' in the Life Investors policy at issue." Respondents point out that the Life Investors policy had an effective date of October 17, 1998 and that Mr. Smith was not diagnosed with cancer until November 2005. They reason that the interpretation of the Life Investors policy at issue cannot possibly be affected by the payment arrangements amongst non-parties such as Highmark and Frick some seven years later, particularly as the Smiths have neither seen nor had access to the provider agreements now being sought by Life Investors. Plaintiff confirms that her theory of the case is that the term "actual charges" means the charges listed on the statements prepared by her husband's medical providers,

---

[1] In part, Life Investors apparently intends to argue that the policy (which *it* drafted) was unconscionable. *See* Motion at 11.

notwithstanding that those providers may have been paid less by Highmark.  Respondents also thoroughly demonstrate why the discovery sought is not essential to the defenses raised by Life Investors.

The Court agrees with Respondents.  Life Investors has failed to make a sufficient showing of manifest injustice necessary to justify reconsideration.  *See Harsco Corp. v. Zlotnicki*, 799 F.2d 906, 909 (3d Cir. 1985).  The Court adheres to its conclusion that the agreements between Highmark and Smith's healthcare providers are simply not relevant to the narrow issues in this case.

In accordance with the foregoing, LIFE INVESTORS' MOTION FOR PARTIAL RECONSIDERATION OF DISCOVERY ORDER AND REQUEST FOR ORAL ARGUMENT (Document No. 103) is **DENIED**.

SO ORDERED this 13th day of January, 2009.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge


cc:     Ellen M. Doyle, Esquire
        Email: edoyle@stemberfeinstein.com
        Joel R. Hurt, Esquire
        Email: jhurt@stemberfeinstein.com

        Colin E. Wrabley, Esquire
        Email: cwrabley@reedsmith.com
        Perry A. Napolitano, Esquire
        Email: pnapolitano@reedsmith.com
        Markham R. Leventhal, Esquire
        Email: ml@jordenusa.com

Julianna Thomas McCabe, Esquire
Email: jt@jordenusa.com