IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCES J. SMITH, on behalf of herself and all others similarly situated, | ) ) ) | |
| | ) | 2:07-cv-681 |
| Plaintiff, | ) | |
| v. | ) ) | |
| LIFE INVESTORS INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM ORDER

Pending before the Court is PLAINTIFF'S EMERGENCY MOTION FOR RELIEF FROM AND MODIFICATION OF FIRST AMENDED STIPULATED PROTECTIVE ORDER (Document No. 182). Defendant filed a response in partial opposition to the motion (Document No. 184). Plaintiff filed a reply brief (Document No. 185).

Defendant has notified the Court and Plaintiff that the Circuit Court of Pulaski County, Arkansas has preliminarily approved settlement of a national class action in *Runyan v. Transamerica Life Ins. Co.*, Case No. CV-09-2066-3 (the "Runyan Action"), which involves the same dispute regarding "actual charges" at issue in this case. A "fairness hearing" in the Runyan Action is currently scheduled for July 27, 2009.[1] Plaintiff and other members of the putative class in this case must decide whether to file objections or opt out of the proposed settlement in the Runyan Action. Persons who wish to object and/or to appear at the fairness hearing must provide a detailed description of the grounds for their objection and copies of any supporting

---

[1] Defendant's motion to stay this case pending the outcome of the Runyan Action will be addressed separately.

documents by June 28, 2009. The objections and documents must be filed with the Court, mailed to the Settlement Administrator, and served on Class Counsel and Counsel for the Company. *See* Order Granting Preliminary Approval To Class Action Settlement dated April 23, 2009 at ¶¶ 14, 15. Plaintiff's counsel avers that she has been contacted by a member of the putative Pennsylvania class and by Thomas Sinclair, Flip Phillips and Dee Miles, three attorneys who represent members of the national settlement class to request access to discovery materials obtained in this case.

Under the terms of the Amended Stipulated Protective Order that is now in effect in this case (Document No. 113), "Confidential Material" shall be used only in this case and may not be used in other proceedings without the express written consent of the opposing party or by court order. Plaintiff now seeks leave to disclose Confidential Material obtained during discovery in this case in responding to the pending national class settlement in the Runyan Action.

Plaintiff avers that she has engaged in the "most discovery of anyone related to the Defendant's change of practice regarding its 'actual charges' benefits under its cancer policies." Plaintiff believes that this information is material to persons who must decide how to respond to the pending national settlement class. Plaintiff points out that any disclosure of Confidential Material will be contingent upon the recipients' agreement to abide by the terms of the protective order. In light of the impending deadline, the motion must be decided promptly.

Defendant does not object to allowing Plaintiff to file documents with the Court under seal in the Runyan Action. However, Defendant does object to disclosure of such information to other members of the putative Pennsylvania class or to unspecified members of the national settlement class. Defendant states that Plaintiff has failed to identify other members of the

2

putative Pennsylvania class and argues that extensive discovery has been conducted in many of the related cases brought by Class Counsel in the Runyan Action.

The Court agrees with Plaintiff that the information obtained during discovery in this case may be material to persons who are affected by the pending settlement in the Runyan Action. Even assuming arguendo that Defendant is correct that the putative Pennsylvania class is small and that the discovery in this case is essentially duplicative of that obtained in other cases, Defendant will not be prejudiced by the disclosure of such information. Accordingly, the protective order will be modified to permit such disclosure to the persons identified by Plaintiff's counsel. However, the Court agrees with Defendant that questions regarding disclosure to other members of the national settlement class and questions regarding compliance with the Order Granting Preliminary Approval To Class Action Settlement dated April 23, 2009 should be directed to the judge presiding over the Runyan Action. This Memorandum Order simply clarifies that the Amended Stipulated Protective Order in this case will not be an impediment to such disclosure.

In accordance with the foregoing, PLAINTIFF'S EMERGENCY MOTION FOR RELIEF FROM AND MODIFICATION OF FIRST AMENDED STIPULATED PROTECTIVE ORDER (Document No. 182) is **GRANTED IN PART**, as follows:

The Amended Stipulated Protective Order is hereby deemed modified to permit material that Defendant has designated "Confidential Material" under the Amended Stipulated Protective Order to be used in the action captioned <u>Edison Runyan et al v. Transamerica Life Ins. Co. et al</u>, Case No. CV-09-2066-3, pending in the Circuit Court of Pulaski County, Arkansas (the

"Runyan Action"). Such use shall be made in accordance with the restrictions and procedures set forth in the Amended Stipulated Protective Order, as modified by this Order.

The Amended Stipulated Protective Order is hereby further deemed modified to expand the persons to whom material may be disclosed which Defendant has designated "Confidential Material" under the Amended Stipulated Protective Order to include (i) members of the putative Pennsylvania class asserted in this action and their counsel and (ii) attorneys Thomas Sinclair, Flip Phillips and Dee Miles, each of whom purportedly represent members of the national settlement class asserted in the Runyan Action. Any disclosure shall be contingent upon such individuals' agreement in advance to abide by the terms of the Amended Stipulated Protective Order, as modified by this Order.

Any disclosure of Confidential Material to other members of the national settlement class asserted in the Runyan Action and/or their counsel shall be contingent upon the approval of the Circuit Court of Pulaski County, Arkansas.

SO ORDERED this 18th day of June, 2009.

> BY THE COURT:
>
> s/ Terrence F. McVerry
> United States District Court Judge

cc: Ellen M. Doyle, Esquire
Email: edoyle@stemberfeinstein.com
Joel R. Hurt, Esquire
Email: jhurt@stemberfeinstein.com
Maureen Davidson-Welling
Email: mdavidsonwelling@stemberfeinstein.com

Colin E. Wrabley, Esquire
Email: cwrabley@reedsmith.com
Perry A. Napolitano, Esquire
Email: pnapolitano@reedsmith.com
Markham R. Leventhal, Esquire
Email: ml@jordenusa.com
Julianna Thomas McCabe, Esquire
Email: jt@jordenusa.com
Irma R. Solares
Email: is@jordenusa.com