IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCES J. SMITH, on behalf of herself and all others similarly situated, ) ) | |
| ) | 2:07-cv-681 |
| Plaintiff, ) | |
| v.  ) ) | |
| LIFE INVESTORS INSURANCE COMPANY OF AMERICA, ) ) ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Pending before the Court is PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS LISTED IN DEFENDANT'S PRIVILEGE LOG (Document No. 239).[1] In a Memorandum Order dated October 16, 2009, the Court took several issues under advisement pending *in camera* review. The October 16 Order further provided: "Both parties will have the opportunity to file a supplemental brief of five (5) pages or less on or before November 16, 2009, limited to the matters the Court has taken under advisement." Defendant has provided the documents at issue, the parties have filed supplemental briefs and supporting exhibits (Document

---

[1] The docket reflects that the following additional motions remain open: Plaintiff's Motion for Extension of Time to File a Response to the Motion for Summary Judgment (submitted with Document No. 219); Defendant's Motion to Modify Motion for Summary Judgment (Document No. 232); Plaintiff's Renewed Motion for Injunctive Relief Under the All Writs Act (Document No. 260); and Defendant's Motion to Modify the Amended Stipulated Protective Order (Document No. 279). In light of the Court's Memorandum Orders dated November 6, 2009 (Document Nos. 297, 298), the motions at Document Nos. 219, 232 and 260 are hereby **DENIED AS MOOT** and the motion at Document No. 279 is **GRANTED**. Newly-designated Confidential Materials shall not be disclosed to the three non-party attorneys listed in the Court's Order of June 18, 2009.

Also pending is Plaintiff's Motion to Enforce Compliance With Court Order (Document No. 313), which was recently filed. It is not yet fully briefed and will be addressed separately.

Nos. 305, 306, 311, 312), and the Court now makes the following rulings:

      A.      Jordan Burt Report

The doctrine of work-product immunity "'shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case.'" *In re Grand Jury (Impounded)*, 138 F.3d 978, 981 (3d Cir. 1998). Life Investors, as the party claiming work-product immunity, bears the burden of showing that the materials in question were prepared in "the course of preparation for possible litigation." *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 94 (3d Cir.1992). It is not necessary that a lawsuit was actually filed. A document is considered to have been prepared in anticipation of litigation if "in light of the nature of the document and the factual situation of the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252, 1258 (3d Cir.1993) (*citing United States v. Rockwell Int'l*, 897 F.2d 1255, 1266 (3d Cir.1990)).

The majority of the 185-page undated report prepared by outside counsel Jordan Burt, LLP, is clearly protected as attorney work product. However, the work product protection does not apply broadly to entire documents -- instead the Court must examine more closely to determine whether there are any portions that should be produced. *See, e.g. State Farm Mut. Auto. Ins. Co. v. Metropolitan Family Practice*, 2005 WL 3434000 *11 (E.D. Pa. 2005) (after conducting *in camera* review, Court ordered production of portions of documents). The Court concludes that one section of the Jordan Burt Report and certain exhibits must be produced, as explained below.

Jordan Burt was engaged in October 2004 to provide legal advice regarding litigation that could be anticipated if Life Investors changed its interpretation of "actual charges."  The primary motivating purpose of the Report is to analyze legal issues and to convey "opinion work product" about anticipated litigation.  This type of attorney work product is entitled to the highest protection.  *Rockwell v. United States*, 897 F.2d 1255, 1265-66 (3d Cir. 1990).  After review, the Court is firmly convinced that the report was prepared "because of" litigation and that pages 1-41 and 50-51 contain the legal analysis of outside counsel.  These pages of the Report need not be produced to Plaintiff.

However, the section of the Jordan Burt Report entitled "Financial Analysis"(pages 42-49)  contains information prepared by Defendant's *actuaries*, which was appended to the Jordan Burt Report.  Defendant has made no effort to demonstrate that this portion of the Report is protectible.  The Court concludes that it must be produced.  There is no evidence that the actuaries performed their financial analysis for the purpose of obtaining legal advice.  To the contrary, the Jordan Burt report, page 42, states that Defendant's "actuaries conducted a multi-step process to confirm and quantify the potential improvement in loss experience, and potential benefit to policyholders through the reduction in the frequency and amount of future rate increases if the Company paid benefits based on the amounts actually charged and accepted."  These are classic business reasons.  The "Financial Analysis" section does not contain any apparent attorney work product, nor does it contain attorney-client privileged communications.  *Nationwide Mut. Ins. Co. v. Fleming*, 924 A.2d 1259, 1264-65 (Pa. Super. 2007), *appeal granted* 935 A.2d 1270 (Pa. 2007).   Indeed, other than being bound in the same document, the "attorney analysis" at pages 1-41 and the "financial analysis" at pages 42-49 have little or nothing in

common and appear to have been separately drafted.  In short, the "Financial Analysis" section of the Jordan Burt Report is discoverable.

Exhibits A and C to the Jordan Burt report contain protected attorney work product.  However, the remainder of the Exhibits must be produced.  Indeed, with one exception, the Jordan Burt Report does not even designate these Exhibits as privileged or protected.  The one exception, Exhibit E, is simply a listing of the "History of Rate Increases."  There is no indication on Exhibit E that it was prepared by an attorney or contains a privileged communication.

In accordance with the foregoing, this aspect of the Motion is **GRANTED IN PART AND DENIED IN PART**.  Defendant shall produce pages 42-49 and Exhibits B and D through O of the Jordan Burt report to Plaintiff forthwith.

        B.     Gwin Emails

Defendant has notified the Court that it has withdrawn its claim of privilege as to the Gwin emails and has provided these documents to Plaintiff.  Accordingly, this aspect of the motion is **DENIED AS MOOT**.

        C.     Redacted Documents

Defendant has withdrawn its redactions on certain documents.  However, Defendant maintains its assertion of privilege as to three documents.  Redacted and un-redacted copies have been provided to the Court.

The documents at issue appear to be summaries of business meetings and ideas, as opposed to communications designed to solicit legal advice.  The documents were prepared by

Gwin, and not an attorney, such that the work product doctrine does not apply. That one of the ideas to be evaluated by the DSI Taskforce is to "get a court decision on provider over-charging" does not reveal a confidential communication with a lawyer. Defendant shall produce unredacted copies of the documents labeled LIICA/Smith in camera 101 and 106 forthwith.

However, the Court concludes that Life Investors has maintained a valid objection as to Paragraph 2 of the document labeled LIICA/Smith in camera-109. The text of Paragraph 2 would reveal attorney-client communications and is therefore protected. Defendant shall produce a copy of LIICA/Smith in camera-109 which discloses paragraph 6 forthwith, but may maintain its redaction of paragraph 2.

Accordingly, this aspect of the motion is **GRANTED IN PART AND DENIED IN PART.**

In accordance with the foregoing, PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS LISTED IN DEFENDANT'S PRIVILEGE LOG (Document No. 239) is **GRANTED IN PART AND DENIED IN PART.**

SO ORDERED this 23rd day of November, 2009.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Ellen M. Doyle, Esquire
Email: edoyle@stemberfeinstein.com
Joel R. Hurt, Esquire
Email: jhurt@stemberfeinstein.com
Maureen Davidson-Welling
Email: mdavidsonwelling@stemberfeinstein.com

Colin E. Wrabley, Esquire
Email: cwrabley@reedsmith.com
Perry A. Napolitano, Esquire
Email: pnapolitano@reedsmith.com
Markham R. Leventhal, Esquire
Email: ml@jordenusa.com
Julianna Thomas McCabe, Esquire
Email: jt@jordenusa.com
Irma R. Solares
Email: is@jordenusa.com