**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FRANCES J. SMITH, on behalf of herself** | ) | |
| **and all others similarly situated,** | ) | |
| | ) | **2:07-cv-681** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| | ) | |
| **LIFE INVESTORS INSURANCE** | ) | |
| **COMPANY OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM ORDER**

Pending before the Court is PLAINTIFF'S MOTION TO ENFORCE COMPLIANCE

WITH COURT ORDER (Document No. 313).  Defendant has filed a response in opposition

(Document No. 315) and the motion is ripe for disposition.


Procedural History

On July 9, 2009, the Court issued a Memorandum Order (the "July 9 Order") which

resolved numerous discovery disputes.  Plaintiff now seeks to enforce one of the rulings made by

the Court, as it applies to the production of correspondence with state insurance regulators.

In Request No. 19, Plaintiff sought "production of documents received from or provided

to *third parties*, *such as state insurance regulators* and trade associations, regarding the

meaning of 'actual charges.'" July 9 Order at 11 (emphasis added).  In opposition to Plaintiff's

motion to compel, Defendant argued that correspondence between Life Investors and insurance

departments of states other than Pennsylvania was not relevant.  The Court rejected this

argument, and explained that Defendant's attempt to impose a geographic limitation was not

justified.  Defendant also argued that the request was grossly overbroad and could "be construed

to include any communications with policyholders." *See* Document No. 180 at 16-17.  In Defendant's view, correspondence with policyholders would be impossible to locate and would invade their privacy rights.  *Id.*

The Court granted Plaintiff's motion to compel, and ordered Defendant to produce its correspondence with third parties related to "actual charges" from 2004 and later.  However, in response to Defendant's arguments, the Court clarified: "the term 'third parties' should not be construed to include policyholders."  July 9, 2009 Order at 12.

As the result of another discovery ruling in this case (which ordered Life Investors to produce all non-privileged documents contained in Connie Whitlock's "green folder"), Plaintiff recently received correspondence between Whitlock and the insurance departments of several states which had not previously been produced.[1]  Plaintiff contends that these documents were clearly within the scope of the Court's July 9 Order and should have been produced.  Defendant contends that it has complied with the Court's July 9 Order.

Legal Analysis

It is undisputed that Defendant did not produce all of its correspondence with third party state insurance regulators upon receipt of the July 9 Order, but instead, withheld certain documents.  Defendant has provided two explanations for this conduct.  Initially, Life Investors explained that it had produced "general communications with insurance departments," but withheld the documents from the "green folder" because they involved inquiries made about

---

[1] It appears that the Court's earlier suspicions as to Defendant's apparent game-playing with the production of the documents in the "green folder" were well-founded.

specific policyholders.  Defendant argued that such documents were "tantamount to communications with individual insureds" and thus, were not within the scope of the July 9 Order.  *See* Document No. 306 at 1 n.2.  In its opposition to the instant motion, Life Investors has embellished its argument by asserting that the documents constitute "correspondence with policyholders through other State's [sic] insurance departments."  Response at 3.  In Life Investor's view, "[t]he fact the correspondence was directed to policyholders through a third party intermediary, such as another State's Department of Insurance . . . is of no consequence." *Id.*  In sum, Defendant unilaterally withheld documents sent to and from state insurance regulators on the theory that such documents, in actuality, constituted correspondence with its own policyholders.

Defendant's decision to limit its document production in this manner was in clear and blatant disregard of not only the spirit but also the plain text of the July 9 Order.  The July 9 Order ***granted*** Plaintiff's motion to compel responses to Request No. 19 and required Life Investors to produce ***all*** correspondence with state regulators from and after 2004 that related to "actual charges."  Life Investors was not given permission to withhold documents that were, in its own judgment, allegedly "tantamount to correspondence with policyholders."  Indeed, Defendant never argued for such a limitation in its opposition to the motion to compel.  The only limitation in the July 9 Order was the clarification, in direct response to the point raised in Defendant's opposition, that Life Investors need not produce documents sent ***directly*** to or from individual policyholders.  Defendant's excuse for failing to produce "correspondence directed to policyholders through a third party intermediary" is wholly contrary to the July 9 Order and

Defendant's legal position is entirely without merit.[2]

Defendant's decision to withhold such documents from its production was systematic and intentional, rather than inadvertent. Defendant never notified Plaintiff or the Court that it was withholding certain documents based on its purported interpretation of the July 9 Order. Indeed, Defendant belittles as "absurd" Plaintiff's suggestion that it should have sought clarification prior to implementing its interpretation of the July 9 Order. This reprehensible conduct would likely have never come to light had it not been for the court-ordered production of the entire "green folder." It certainly appears that Defendant engaged in a knowing and calculated decision to withhold these documents, with full knowledge of the potential consequences.

Defendant shall produce all documents received from or provided to third parties, such as state insurance regulators and trade associations, regarding the meaning of "actual charges, created in 2004 and later, regardless of whether a policyholder is referenced therein, on or before December 11, 2009. Further, on or before December 11, 2009, Defendant shall notify Plaintiff of any other "interpretations" or "limitations" by which Defendant withheld any documents that otherwise might reasonably fall within the scope the July 9 Order.

Accordingly, PLAINTIFF'S MOTION TO ENFORCE COMPLIANCE WITH COURT ORDER (Document No. 313) is **GRANTED** this 3rd day of December, 2009.

_____

[2]Defendant also argues that the documents at issue do not relate to its interpretation of "actual charges." The Court has reviewed the contents of the "green folder," which was produced for *in camera* review. Defendant's assertion is simply wrong -- even though certain documents exchanged with various state insurance regulators address the claims of individual policyholders, those documents explicitly discuss Defendant's interpretation of "actual charges" and fall well within the scope of Request No. 19.

<u>Sanctions</u>

The Rules of Civil Procedure are designed to deter discovery misconduct by ensuring that the responsible party bears the cost of the unnecessary litigation.  In *GMAC Bank v. HTFC Corp.*, 252 F.R.D. 253, 255 (E.D. Pa. 2008),  the Court explained:

> Before imposing sanctions, due process ordinarily requires that the Court provide the person subject to sanctions with notice of: 1) the reason for the sanctions, 2) the form of the sanctions, and 3) the legal rule authorizing the sanctions. *In re Tutu Wells Contamination Litig.*, 120 F.3d 368, 379 (3d Cir.1997). The purpose of these requirements is to ensure that the person subject to sanctions has the ability to mount a meaningful defense and rebut the charges made against him by the Court.

There are at least four potential sources of authority for the imposition of discovery sanctions, in addition to the Court's inherent power to do so.[3]  The Court will review these briefly.

Most directly on-point, Fed. R. Civ. P. 37(b)(2)(A) sets forth a non-exclusive list of sanctions that may be imposed in the event a party fails to comply with a court's discovery order. Expenses and fees imposed under Rule 37(b) may be awarded against the party, the attorney, or both.  Fed. R. Civ. P. 37(b)(2)(C).  The Rule states that the Court "must" order the payment of the reasonable expenses and attorney fees caused by the improper conduct.

Title 28 U.S.C. § 1927 states: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  The focus of § 1927 is on the conduct of the attorney.  Section 1927 "requires a court to find an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing

---

[3]Fed. R. Civ. P. 11(d) states that Rule 11 sanctions are not applicable to discovery.

the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *In re Prudential Ins. Co. America Sales Practice Litig.*, 278 F.3d 175, 188 (3d Cir. 2002).

Federal Rule of Civil Procedure 26(g) mandates that all discovery documents be signed by the party personally or by at least one attorney of record. The 1983 Advisory Committee notes on Rule 26(g) explain that there is an "affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purpose of the [Rules]." Rule 26(g) is designed to curb discovery abuse by encouraging the imposition of sanctions. "Concern about discovery abuse has led to widespread recognition that there is a need for more aggressive judicial control and supervision." *Id.* "[T]he signature certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand." *Id.* Rule 26(g)(3) provides that if a discovery certification violates the rule without substantial justification, the Court "must" impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay "reasonable expenses, including attorney's fees, caused by the violation."

Federal Rule of Civil Procedure 37(a)(5) provides for the payment of reasonable expenses where a motion to compel is granted or the requested discovery is provided after the motion was filed. In applying Rule 37(a)(5), the Court "must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees."

The imposition of sanctions under Rule 26(g) and/or Rule 37 is phrased in mandatory

language unless the Court finds that the failure was substantially justified or harmless.  *But see*

Rule 37(a)(5)(A)(iii) & (b)(2)(C) (sanctions not appropriate if "other circumstances make an

award of expenses unjust."); *Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119 (3d Cir.

2009) (court must expressly address substantial justification standard).  Discovery sanctions must

reflect the "***reasonable*** expenses" incurred by the opposing party and the Court has discretion to

impose an "***appropriate*** sanction."  Rule 26(g); Rule 37(a)(5)(A) (emphasis added).  In *Martin v.*

*Brown*, 63 F.3d 1252, 1263 n.15 (3d Cir. 1995), the Court of Appeals for the Third Circuit stated:

"Although Rule 37 authorizes both punitive and compensatory damages, it requires the amount

of any monetary damages to be specifically related to expenses incurred by the violations."

> The Court will reserve its decision as to whether sanctions are warranted.  On or before

December 15, 2009, Defendant shall show cause why sanctions should not be imposed against

Life Investors, defense counsel, or both.  On or before January 4, 2010, Plaintiff may respond to

Defendant's filing and shall submit an affidavit regarding the reasonable expenses and attorneys

fees caused by Defendant's failure to comply with the July 9 Order.  Defendant may file a reply

thereto on or before January 11, 2010.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

Case 2:07-cv-00681-TFM   Document 316   Filed 12/03/09   Page 8 of 8

cc:    Ellen M. Doyle, Esquire
       Email: edoyle@stemberfeinstein.com
       Joel R. Hurt, Esquire
       Email: jhurt@stemberfeinstein.com
       Maureen Davidson-Welling
       Email: mdavidsonwelling@stemberfeinstein.com

       Colin E. Wrabley, Esquire
       Email: cwrabley@reedsmith.com
       Perry A. Napolitano, Esquire
       Email: pnapolitano@reedsmith.com
       Markham R. Leventhal, Esquire
       Email: ml@jordenusa.com
       Julianna Thomas McCabe, Esquire
       Email: jt@jordenusa.com
       Irma R.  Solares
       Email: is@jordenusa.com

8